OPINION of the;Court, by
Ch. J, Boyle.
This was an action of debt, upon a bond bearing date the 7th August 1786, and payable the 7th of December of the same year. The action was commenced the 7th of July 1809, The defendant pleaded payment on the day, and upon the trial of the cause relied exclusively upon the presumption arising Srom the lapse of time, The plaintiff having shewn that at the time when the bond was executed, he resided in the state of Pennsylvania, and has continued to do so ever since, and,.that the defendant was at that time, and has been everfsince a i inhabitant of this country, moved the court to instruct the jury that the presumption of payment from the lapse of time was not applicable to the present case ; but the court overruled die motion, and instructed the jur> that the ptsumpdon of payment did apply to this case and would operate as a bar of the action, unless counteracted by n butting testimony. To this opinion and instruction of the court the plaintiff excepted, and has brought the case before this court.
Tnere is a manifest distinction between those cases whete length of time operates as a bar to the action, and those in which it can be used only as matter of evidence. In a case coming within the statute of limi-. taüous, the lapse of time prescribed by the statute is pleadable as a bar to the action, and the jury would be concluded by it, though they were convinced that the debt still remained due and'unpaid. But where length of time is not per se a bar, but used merely as evidence, It is a matter for the consideration of the jury to'efedit • it or not, and to draw their ini trence the one way or the other, according to circumstances. I here is no statute of limitation which prescribes a time for bringing an action upon a bond, nor will any length oí time operate as a bar to such action.
Bat where the bond has been given more than twenty years, the jury may upon the plea of payment presume the debt to be discharged, and even in a shorter period, where there are auxiliary circumstances to fortify the : presumpuon, payment may be presumed. The presumption however arising from length of time, is a mere Ijjresiimptioa of feet, which may be repelled by any ck* *388 cumstances which tend to weaken or destroy its force. Thus payment of interest within twenty years, or a de mandby the obligee, or an acknowledgment by the ob-ligor within that period, or that the defendant was in bad circumstances, or the demand trifling, has been Held sufficient to repel the presumption of payment — See 2 Stra. 826, 2 Lord Raym. 1370, Cow. 109 and 214. So in the present case the circumstance of the continual residence of the plaintiff in the state of Pennsylvania, and of the defendant in this country, was admissible for the purpose of rebutting the presumption. But the weight of this circumstance, as well as that of the presumption whose force it was intended to counteract, legally and constitutionally belonged to the jury to determine. We think therefore that the court below acted correctly in refusing to instruct the jury that the presumption of payment arising from length of time was not applicable to this case ; but we are of opinion that the court erred in giving instruction to the jury that it would operate as a bar to the action. The instruction was certainly calculated, and probably intended to impress the idea upon the jury, that the presumption from length of time was not only in itself con-elusive, but that it was so notwithstanding the circumstance with respect to the residence of the parties. But as length of time, when it is not (as it was not in this case) pleadable as a bar to the action, is but presumptive evidence, the weight of which the jury are to determine, the instruction given by the court would have been erroneous, had the case been divested of the circumstance with respect to the residence of the parties : a fortiori, was the instruction erroneous when the case was clothed with that circumstance ?
The judgment must be reversed with costs, the verdict set aside, and the cause remanded for a new trial to be had, &c.